(No. 51508.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. BOBBY SNYDER, Appellee.

*Opinion filed November 21, 1979.*

William J. Scott, Attorney General, of Springfield,

and Norbert Goetten, State's Attorney, of Carrollton (Donald B. Mackay and Melbourne Noel, Assistant Attorneys General, of Chicago, and Robert C. Perry, Robert J. Biderman, Marc D. Towler and Gary J. Anderson, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Richard J. Wilson, Deputy Defender, and Jeff Justice, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

In the circuit court of Greene County, defendant, Bobby Snyder, pleaded guilty to possession of less than 30 grams of a controlled substance (cocaine) (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(b)). He was sentenced to the penitentiary for not less than 2 nor more than 6 years, to be served consecutively with a sentence of not less than 1 nor more than 3 years for an unrelated conviction for robbery and aggravated assault. Defendant's motion to withdraw his plea of guilty and vacate the judgment and sentence was denied. In a Rule 23 order (58 Ill. 2d R. 23) the appellate court affirmed the judgment but held that under *People v. Dawson* (1975), 30 Ill. App. 3d 147, the cause must be remanded with directions to modify the sentence to provide that it be served concurrently with the sentence previously imposed. We allowed the People's petition for leave to appeal.

When the sentences were imposed section 5—8—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4) provided in pertinent part:

> "(b) The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by

the defendant, the basis for which the court may set forth in the record.

\* \* \*

(e) In determining the manner in which consecutive sentences of imprisonment, one or more of which is for a felony, will be served, the Department of Corrections shall treat the offender as though he had been committed for a single term with the following incidents:

> (1) the maximum period of an indeterminate term of imprisonment shall consist of the aggregate of the imposed indeterminate terms plus the aggregate of the imposed determinate sentences for misdemeanors subject to paragraph (c) of this Section;

> \*\*\*

> (3) the minimum period of imprisonment shall be one year or the aggregate of the minimum period of imprisonment imposed by the court, whichever is greater, subject to paragraph (c) of this Section; \*\*\*." Ill. Rev. Stat. 1975, ch. 38, pars. 1005—8—4(b), 1005—8—4(e)(3).

In *People v. Dawson* (1975), 30 Ill. App. 3d 147, the defendant, following revocation of his probation, was sentenced to the penitentiary for not less than 3 nor more than 12 years to be served consecutively with two previously imposed concurrent terms of 1 to 5 years. The judgment was affirmed but the cause was remanded with directions to issue an amended mittimus making the sentence concurrent with the prior sentences. In so holding the appellate court said:

"By reason of the provision of sub-paragraph (e) of the same cited section, the minimum and maximum of consecutive sentences are aggregated. Thus, in this case, since the defendant had a sentence of 1 to 5 years and a consecutive sentence was imposed of 3 to 12 years, the defendant had a sentence of 4 to 17 years. It is clear that the consecutive sentence was not 'required to protect the public from further

criminal conduct by the defendant' since the trial court imposed sentences lesser in nature than that available for the offense of burglary, the same being a Class 2 felony with a provision for a possible 20-year maximum term." 30 Ill. App. 3d 147, 148.

The appellate court noted that at the time of defendant's conviction the offense was a Class 3 felony and the circuit court could have imposed a sentence of not less than 3 1/3 nor more than 10 years. It noted further that since the consecutive sentences, aggregated, resulted in a term of not less than 3 nor more than 9 years they could not have been "required to protect the public from further criminal conduct by the defendant ***."

This record presents the narrow question whether section 5—8—4(b) of the Unified Code of Corrections proscribed the imposition of a consecutive sentence when in the aggregate the minimum and maximum sentences were less than those which could have been imposed by means of a concurrent sentence. The appellate courts have not been in agreement on this question. (See *People v. Strickler* (1977), 47 Ill. App. 3d 419; *People v. DeRuse* (1977), 48 Ill. App. 3d 52.) The People contend that *Dawson* was incorrectly decided and that section 5—8—4(b) confers upon the circuit court "overlapping jurisdiction" to impose either form of sentence to achieve a desired result. Defendant contends that section 5—8—4(b) limits consecutive sentencing to cases in which concurrent sentencing cannot achieve a desired term of imprisonment. He cites the administrative complexities created by consecutive sentences in the computing of "good time" credits which determine the length of time which a prisoner must serve in order to be eligible for parole. Citing *People v. Nicks* (1976), 62 Ill. 2d 350, and *People v. Morgan* (1974), 59 Ill. 2d 276, defendant argues that the remandment for the purpose of making the

sentences concurrent was proper.

The Constitution of 1970 provides:

"All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, sec. 11.)

Within the permissible scope of the pertinent statutory provisions a circuit court is vested with great discretion in determining the sentence or sentences most likely to achieve the constitutional objective. The presentence report contained in this record would support the conclusion that a substantial sentence was "required to protect the public from further criminal conduct by the defendant." There is credible authority for the theory that consecutive sentences have value in the case of an offender who poses an unusual risk to the safety of the public. (ABA Standards, Sentencing Alternatives and Procedures sec. 3.4, commentary c (1968).) These sentences were imposed prior to the amendment of section 5—8—4(b) (see Public Act 80—1099, effective February 1, 1978), and although the circuit court did not set forth the basis for imposing the sentences as is required by the present statute, the transcript leaves no doubt as to the court's opinion and its reason for so doing. On this record we are unable to say that the circuit court was in error. For the reasons stated, insofar as the judgment of the appellate court affirms the judgment of the circuit court, it is affirmed, and that portion of the judgment which remands the cause for modification of the sentence is reversed. The judgment of the circuit court is affirmed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed.*