THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ISAAC GASTON, Defendant-Appellant.

Fourth District    No. 15967

Opinion filed September 10, 1980.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Gary J. Anderson and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

Before a *consecutive* sentence is imposed, must the trial judge state on the record his reason for such sentence?

Yes—mandatory.

We reverse and remand.

Gaston was convicted at a bench trial of three counts of battery and one of aggravated battery and was sentenced to 4 years for the aggravated battery and 364 days on each of two counts of battery. The sentences were ordered to be served concurrently with each other and concurrently with a 3-year sentence defendant was then serving for a prior felony conviction for unlawful restraint. On the remaining count of battery, Gaston was sentenced to a 364-day term of imprisonment to run *consecutively* to the prior sentence he was serving for unlawful restraint.

Defendant's sole contention on appeal is that his sentence should be vacated because the trial court imposed a consecutive term of imprisonment without making a finding that such a term was necessary to protect the public.

We agree.

Only a brief summary of the facts produced at trial need be recited here. On August 30, 1979, defendant was charged by indictment with aggravated battery, four counts of battery, one count of unlawful use of weapons, and one count of resisting a police officer. All of the instant offenses arose out of events occurring on August 13, 1979, at a time when defendant was a resident of cell block D in the McLean County Jail. The offenses all occurred sometime after 9 p.m. when defendant conducted a series of personal attacks upon law enforcement personnel. The trial court found defendant guilty of aggravated battery and three counts of battery and not guilty of one count of battery, unlawful use of weapons, and resisting a police officer.

It is undisputed that in rendering his sentence on November 16, 1979, the trial judge did not make a finding on the record that a consecutive sentence was necessary to protect the public. Section 5—8—4(b) of the Unified Code of Corrections provides:

"The Court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the Court shall set forth in the record." Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4(b).

■■ As was noted in the recent case of *People v. Green* (1980), 83 Ill. App. 3d 982, 404 N.E.2d 930, the primary purpose of the provisions in the new sentencing act requiring a trial judge to set forth his reasons for imposing a particular sentence is to enable reviewing courts to determine just what went into the sentencing decision and whether it is consistent with the statutory objectives. In *Green*, the court was faced with the same issue which is presented to us in the instant case. Relying upon the decision in *People v. Snyder* (1979), 77 Ill. 2d 459, 397 N.E.2d 799, the court declared that the language of section 5—8—4(b) was mandatory.

■■ We agree with our colleagues in *Green* and therefore remand this cause for resentencing, with directions to the trial court to indicate on the record its reasons for imposing a consecutive sentence if such a sentence is ordered.

Reversed and remanded.

WEBBER and CRAVEN, JJ., concur.