THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY AUSTIN, Defendant-Appellant.

First District (2nd Division)    No. 80-89

Opinion filed February 10, 1981.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Richard F. Burke, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Following a bench trial the defendant, Jerry Austin, was convicted of forgery and attempt theft (Ill. Rev. Stat. 1977, ch. 38, pars. 17—3(a)(2)

and 8—4) and sentenced to concurrent terms of four years and two years, respectively. He appeals, contending that the trial court erred in sentencing him on the lesser-included offense of attempt theft.

On February 22, 1979, the defendant opened a savings account at the Merchandise National Bank in Chicago and deposited $25. On the bank signature card the defendant wrote that he worked for the E & S Bus Lines. He then went to a teller's window where he presented his passbook and an E & S Bus Lines check, No. 345, in the sum of $677.[1] The check was signed by Edward Simmons and was made payable to the defendant. The defendant was told to go to a bank officer for approval to cash the check, but instead the defendant left the bank.

On February 23, 1979, the defendant again came to the Merchandise Bank and presented the check to a teller. However, he was told that the check could not be cashed and would have to be deposited. Defendant then wrote out a deposit slip and handed it, along with his passbook, to the teller.

At this time the defendant was arrested by police, and a search disclosed an employment identification card for the bus line bearing the defendant's photograph. The defendant testified that he received the stolen check and identification card from another man as payment for work he performed.

The defendant contends that the trial court erred in sentencing him on the charge of attempt theft because it is a lesser included offense of forgery. He maintains that the delivery of a forged instrument with the intention of defrauding another is clearly a substantial step toward the commission of theft by deception, and that proof of forgery is *ipso facto* proof of the commission of attempt theft. Section 2—9 of the Illinois Criminal Code states as follows:

" 'Included offense' means an offense which

(a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged, or

(b) Consists of an attempt to commit the offense charged or an offense included therein." (Ill. Rev. Stat. 1977, ch. 38, par. 2—9.)

To be a lesser-included offense, all of the elements of the lesser offense must be included within the greater offense. *People v. Smith* (1980), 78 Ill. 2d 298, 399 N.E.2d 1289.

■■ Forgery constitutes the intentional making, altering, issuing, delivery, or possession of a document, knowing it is fraudulent because it purports to be made by one who did not make it; such actions must occur with the

---

[1] This check and other blank payroll checks had been stolen several months before in a burglary.

intent to defraud. (Ill. Rev. Stat. 1977, ch. 38, par. 17—3; *People v. Henderson* (1978), 71 Ill. 2d 53, 57, 373 N.E.2d 1338.) Attempt theft constitutes, in part, any act that is a substantial step toward unlawfully obtaining control over property with intent to deprive the owner permanently of the use or benefit of the property. (Ill. Rev. Stat. 1977, ch. 38, pars. 16—1 and 8—4.) We conclude that attempt theft is not a lesser included offense of forgery.[2] There is a difference between forgery and theft. Forgery requires only the intent to defraud and is complete upon the issuance or delivery of a fraudulent document, while theft requires unlawfully obtaining control over the property or money of another.

■■ Our conclusion that there is no lesser included offense involved herein does not end our inquiry. The information charged defendant with forgery in that he knowingly issued and delivered the check in question with the intent to defraud. (Ill. Rev. Stat. 1977, ch. 38, par. 17—3(a)(2).) The attempt count of the information recited that defendant attempted to obtain by deception the control of funds from the Merchandise National Bank. Under *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, a defendant may not be convicted of multiple offenses carved from the same act. Here, it appears that one act supported both convictions, *i.e.*, defendant's presentation of the forged check to the bank for payment.

Accordingly, the judgment of the circuit court for forgery is affirmed, and the judgment for attempt theft is vacated.

Judgment affirmed in part and vacated in part.

STAMOS and DOWNING, JJ., concur.

---

[2] Forgery is a Class 3 felony and theft in excess of $150 provides for the same sentencing classification.