THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICKY L. LOBDELL, Defendant-Appellant.

Third District   No. 3—83—0218

Opinion filed December 29, 1983.

Robert Agostinelli and Sue Augustus, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Vicki R. Wright, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Ricky L. Lobdell, appeals from his convictions of rape, home invasion, and residential burglary. (Ill. Rev. Stat. 1981, ch. 38, pars. 11—1(a), 12—11, 19—3(a).) He was sentenced to concurrent extended terms of 50 years and 30 years of imprisonment for rape and home invasion, and to eight years' imprisonment for residential burglary, said sentence to run consecutively to the sentence for rape. We affirm.

On appeal, the defendant contends that his burglary conviction must be vacated and his cause remanded for resentencing, because it arose from the same act of entry which constituted the basis for the home invasion. The defendant also asserts that his sentence on all convictions must be vacated and his cause remanded for resentencing, because the trial court improperly considered as an aggravating factor that the defendant received compensation for committing the crimes of rape, home invasion, and residential burglary.

On October 24, 1982, at approximately 8:30 p.m., a brick was thrown through the bedroom window of 61-year-old Beulah Mosher. Mosher then saw the defendant standing in her bedroom doorway. The defendant pulled Mosher over to the front door, unlocked it, and let in his companion. The defendant then tore off Mosher's pajamas and raped her.

After the defendant finished his attack on Mosher, the second man raped her. During the second attack the defendant hit Mosher in the face, choked her, cut her hair, demanded money, and then ransacked the house. After the two men left, Mosher noticed that $300 to $350 and five rings had been taken. On October 25, 1982, Mosher identified the defendant in a photographic display. On October 26, 1982, the day the defendant was arrested, Mosher picked the defendant out of a line-up.

As to the first issue, the defendant contends that his burglary conviction must be vacated and his cause remanded for resentencing because it arose from the same act of entry which constituted the ba-

sis for the home invasion. If, in fact, the same physical act underlies the two convictions, the defendant is correct in his assertion that one conviction must be vacated. *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273; *People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477.

The home invasion statute under which the defendant was convicted states in relevant part that:

> "A person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present and \*\*\* (2) Intentionally causes any injury to any person or persons within such dwelling place." (Ill. Rev. Stat. 1981, ch. 38, par. 12—11(a).)

The residential burglary statute states that:

> "A person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." Ill. Rev. Stat. 1981, ch. 38, par. 19—3(a).

The defendant argues that convictions for home invasion and residential burglary both require entry as a physical act. The defendant contends, however, that the evidence at trial showed that there was only one act of entry into the victim's home which served as the basis for both the home invasion and burglary convictions. The defendant acknowledges that residential burglary is not a lesser included offense of home invasion. However, he asserts that the concepts of one-act one-crime and lesser included offenses are not synonymous and that his convictions for residential burglary and home invasion violate the one-act one-crime concept.

The State argues in response that the defendant misinterprets the concept of "act" for purposes of a one-act one-crime analysis when he claims that the same physical act was the basis for both his home invasion and residential burglary convictions. The State maintains that unlawful entry itself is not sufficient to prove either home invasion or residential burglary; it establishes neither crime. The State argues that the "act" necessary for the offense of home invasion is the knowing entry into the dwelling of another with knowledge that an occupant is present and intentionally inflicting injury upon a person located therein. On the other hand, the State argues that the "act" necessary for the offense of residential burglary is the knowing unlawful entry into a dwelling place of another while intending to commit therein a felony or theft.

■ We agree that the concept of lesser included offenses is not synonymous with the concept of one-act one-crime. (*People v. Austin* (1981), 93 Ill. App. 3d 495, 417 N.E.2d 671.) In this regard the Illinois Supreme Court has declared that:

> "Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical *act*. Prejudice, with regard to multiple *acts*, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several *acts*, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related *acts* and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." (Emphasis added.) *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45.

Under the rule set forth in *People v. King*, we must decide whether the burglary conviction was carved from the same physical act as the home invasion conviction.

We turn, therefore, to the somewhat more complicated question of whether both offenses were "carved" from the same act. The two cases relied upon by the defendant in support of his one-act one-crime argument are not persuasive. In *People v. Green* (1980), 83 Ill. App. 3d 982, 404 N.E.2d 930, the defendant had been convicted of armed violence based on burglary-by-remaining and home invasion. On appeal this court vacated the armed violence conviction because the variance between the evidence presented at trial and the indictment was fatal. We did not vacate the conviction on the basis that the one-act one-crime concept was violated. In *People v. Jones* (1982), 108 Ill. App. 3d 880, 439 N.E.2d 1011, the defendant was convicted of several offenses including home invasion and burglary. On appeal the burglary conviction was vacated. However, since both parties agreed that the defendant's conviction for burglary should be vacated the principles of the one-act one-crime concept were not contested.

■ We believe the reasoning in *People v. Tate* (1982), 106 Ill. App. 3d 774, 436 N.E.2d 272, is controlling. In *Tate*, the defendant was convicted of home invasion and aggravated battery. On appeal he argued that the battery conviction should be vacated since it was carved from the same physical act as that used to charge the home

invasion. The aggravated battery arose from the knifing of the victim. The wound inflicted upon the victim was the bodily harm received in the aggravated battery as well as the injury sustained in the home invasion. While the knifing was a single act the defendant's entry into the victim's home was a separate act important only to the home invasion charge. The appellate court held that neither offense was an included offense of the other and the offenses were not "carved" from the same act.

■ A person can be guilty of two offenses when a common act is part of both offenses or part of one offense and the only act of the other offense. (*People v. Tate* (1982), 106 Ill. App. 3d 774, 436 N.E.2d 272.) In the present case, the defendant's home invasion and residential burglary convictions both required entry as a physical act. It is true, as the defendant maintains, that there was only one act of entry into the victim's home which served as the basis for both of the defendant's convictions. However, as the defendant admits in his brief, home invasion involves an additional act of intentional injury. Since entry into the victim's home was only part of the home invasion offense and the sole act of the residential burglary offense, the two offenses were not carved from the same physical act.

■ We conclude that the facts of this case support separate convictions of residential burglary and home invasion. In accordance with the reasoning in *People v. King*, the defendant's interrelated acts support the multiple convictions because residential burglary is not, by definition, a lesser included offense of home invasion. Further, the multiple convictions do not violate the one-act one-crime concept. (See *People v. Pavic* (1982), 104 Ill. App. 3d 436, 449, 432 N.E.2d 1074, 1084.) Accordingly, we hold that the defendant was properly convicted of home invasion and residential burglary and both convictions are affirmed.

As to the second issue, the defendant contends that his sentence on all convictions must be vacated and his cause remanded for resentencing because the trial court improperly considered as an aggravating factor that the defendant received compensation for committing the crime of rape, home invasion, and residential burglary.

■ The trial court judge at the sentencing hearing stated:

"The Court: The Court finds aggravation factors: The conduct did cause serious harm to the victim, both physically and mentally, as indicated by the Presentence Investigative Report. *And there was compensation that the defendant received for committing the offense.* The defendant does have a previous history of criminal activity, the convictions for the offense of bur-

glary.

Certainly in any case a sentence is necessary to deter others from committing the same crime. This is a perfect example of one that should deter others by sentencing.

\*\*\* This Court is going to impose the extended term sentence for the offense of rape and for the offense of home invasion for the reasons pursuant to that section that these offenses, both of them, were accompanied by excessively brutal and heinous behavior and indicative of wanton cruelty on the part of the defendant and that the victim in this case was a person 60 years of age or over." (Emphasis added.)

Both parties agree that it was improper for the trial judge to consider the fact that the defendant received compensation as a result of the offense. In *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906, the Illinois Supreme Court held that the factor of receiving compensation for committing the offense applies only when a defendant receives renumeration, other than proceeds from the offense itself, to commit a crime. However, the State maintains that reliance upon an improper aggravating factor does not automatically require remand for resentencing.

■ This issue is controlled by the decision of the Illinois Supreme Court in *People v. Bourke* (1983), 96 Ill. 2d 327, 332, 449 N.E.2d 1338, 1340, in which the court stated:

"It is clear \*\*\* that reliance on an improper factor in aggravation does not always necessitate remandment for resentencing. Where the reviewing court is unable to determine the weight given to an improperly considered factor, the cause must be remanded for resentencing. [Citations.] However, where it can be determined from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence, remandment is not required."

After reviewing the record it is clear that the trial judge sentenced the defendant primarily on the basis of properly considered aggravating factors. The trial judge based his determination on the fact that the defendant's conduct caused serious harm to the victim, both physically and mentally, that the victim was over 60 years of age, that the defendant had a history of criminal activity, and that the defendant's sentence should deter others from committing the same crime. Furthermore, there were no mitigating factors. In accordance with *People v. Bourke*, we are able to determine here that the length of the defendant's sentence was not increased based on the trial court's

statement that the defendant had received compensation as a result of the offense.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER, P.J., and HEIPLE, J., concur.