**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180408-U

Order filed December 7, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0408 Circuit No. 16-CF-438 |
| DASHLER JAMERSON, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE CARTER delivered the judgment of the court.
Justice O'Brien concurred in the judgment.
Justice McDade dissented.

_____

**ORDER**

¶ 1     *Held*:   Defendant's convictions for unlawful possession of a weapon by a felon and aggravated battery with a firearm did not violate the one-act, one-crime rule.

¶ 2     Defendant, Dashler Jamerson, appeals from his two convictions for aggravated battery with a firearm and unlawful possession of a weapon by a felon (UPWF). Defendant argues his conviction of UPWF must be vacated under the one-act, one-crime rule. We affirm.

¶ 3                                     I. BACKGROUND

¶ 4        A grand jury charged defendant with aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2016)) and UPWF (*id.* § 24-1.1). Count I of the indictment alleged that defendant knowingly discharged a firearm in the direction of Larry Stimage, injuring him. Count II alleged that defendant knowingly had a firearm in his possession while he was on mandatory supervised release for the felony offense of possession of a controlled substance with intent to deliver. The cause proceeded to a bench trial.

¶ 5        The evidence at trial established that on June 13, 2016, at approximately 2 p.m. Stimage "got shot in the legs." After the shooting, a hospitalized Stimage identified defendant as the person who shot him. However, at trial, Stimage testified that he did not recall any other details of what occurred on the date of the shooting, including identifying defendant to police as the person who shot him. Timmisha Powell, who was with Stimage at the time of the shooting, testified that on the day of the shooting, she and Stimage attempted to buy cigarettes from a residence, and afterward headed home. Sometime thereafter, Powell went to the hospital. Powell did not recall any other details from that day. The State entered a certified copy of defendant's prior conviction for UPWF into evidence.

¶ 6        The court found defendant guilty of aggravated battery with a firearm and UPWF. It sentenced defendant to 18 years' imprisonment for aggravated battery with a firearm and a concurrent term of 9 years' imprisonment for UPWF. Defendant appeals.

¶ 7                                II. ANALYSIS

¶ 8        Defendant argues his conviction for UPWF must be vacated under the one-act, one-crime rule. Specifically, defendant contends that the offenses arise out of the same physical act, and therefore, this court should vacate the lesser charge of UPWF. We find that defendant's convictions for aggravated battery with a firearm and UPWF were based on separate acts.

¶ 9　　　　At the outset, we note that defendant forfeited review of this issue. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). However, defendant argues that a violation of the one-act, one-crime rule affects the integrity of the judicial process, and therefore, is a reversible plain error under the second prong of the plain error analysis.

¶ 10　　　　The plain error analysis permits a reviewing court to remedy a "clear or obvious error" when "that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). The first step of the plain error doctrine is to determine whether an error occurred. *People v. Eppinger*, 2013 IL 114121, ¶ 19.

¶ 11　　　　Under the one-act, one-crime rule, "a defendant may not be convicted of multiple offenses that are based upon precisely the same single physical act." *People v. Johnson*, 237 Ill. 2d 81, 97 (2010). "If a defendant is convicted of two offenses based on the same act, the conviction for the less serious offense must be vacated." *People v. Ellis*, 401 Ill. App. 3d 727, 729 (2010). If a defendant committed multiple acts, then we must determine whether any of the offenses are lesser-included offenses. *People v. Coats*, 2018 IL 121926, ¶ 12. We review the application of the one-act, one-crime rule *de novo*. *Id.*

¶ 12　　　　　　　　　　　　　A. One Act or Multiple Acts

¶ 13　　　　The first step in the one-act, one-crime analysis is to determine whether defendant's two convictions arise out of the same physical act. *People v. King*, 66 Ill. 2d 551, 566 (1977). An "[a]ct" is defined as "any overt or outward manifestation which will support a different offense." *Id.* "As long as there are multiple acts as defined in *King*, their interrelationship does not preclude multiple convictions ***." *People v. Myers*, 85 Ill. 2d 281, 288 (1981). "A person can

be guilty of two offenses when a common act is part of both offenses ***." *People v. Lobdell*, 121 Ill. App. 3d 248, 252 (1983).

¶ 14    The record establishes that defendant's conduct consisted of two separate physical acts: the possession of a weapon and the intentional discharge of that weapon to harm Stimage. Although aggravated battery with a firearm and UPWF share the common act of possessing a weapon, to commit aggravated battery with a firearm, defendant needed to commit the additional act of discharging the firearm. See *Coats*, 2018 IL 121926, ¶ 16 ("holding that multiple convictions for residential burglary and home invasion were proper because, despite the one act of entry into the victim's home which served as the basis for both convictions, the home invasion offense involved an additional act of intentional injury and, therefore, the two offenses were not carved from precisely the same physical act." (citing *Lobdell*, 121 Ill. App. 3d at 252)). In other words, if defendant had not discharged the firearm, he could only have been convicted of UPWF and not aggravated battery with a firearm. Therefore, given the distinct acts of possessing a firearm and discharging a firearm, we find that defendant committed multiple physical acts.

¶ 15    In reaching our conclusion, we find that *People v. Grant*, 2017 IL App (1st) 142956, the case relied on by defendant, to be inapplicable. In *Grant*, defendant was convicted of reckless discharge of a firearm and two counts of unlawful use of a weapon by a felon (UUWF). On appeal, the court reversed defendant's conviction for reckless discharge of a firearm due to insufficient evidence and found defendant's two UUWF convictions "arose out of the same physical act—possession of the same loaded firearm." *Grant*, 2017 IL App (1st) 142956, ¶ 33.

¶ 16    The present case is dissimilar to *Grant* in that defendant stands convicted of two distinct offenses: aggravated battery with a firearm and UPWF. Unlike the two UUWF charges at issue in *Grant*, these offenses derive from two separates acts: possession of a firearm and discharge of

4

that firearm. Although the offenses share the firearm possession element, they do not share the firearm discharge element. Therefore, *Grant* does not direct our analysis.

¶ 17                                    B. Lesser-Included Offense

¶ 18        Defendant makes no argument that UPWF is a lesser-included offense of aggravated battery with a firearm. However, in the interest of completeness, we address the second step in the one-act, one-crime analysis and determine whether either charge is a lesser-included offense of the other. *Coats*, 2018 IL 121926, ¶ 12. Illinois uses the abstract elements approach to determine whether an offense is lesser included. *People v. Miller*, 238 Ill. 2d 161, 166 (2010). Under this method, "If all of the elements of one offense are included within a second offense and the first offense contains no element not included in the second offense, the first offense is deemed a lesser-included offense of the second. *** In other words, it must be impossible to commit the greater offense without necessarily committing the lesser offense." *Id.*

¶ 19        As charged in this case, aggravated battery with a firearm includes the elements: (1) defendant committed a battery, (2) by knowingly discharging a firearm, and (3) that discharge caused injury to Stimage. 720 ILCS 5/12-3.05(e)(1) (West 2016). UPWF includes the elements: (1) defendant knowingly possessed on his person a firearm, and (2) he had previously been convicted of a felony offense. *Id.* § 24-1.1(a).

¶ 20        Considering the above elements, we find that UPWF is not a lesser-included offense of aggravated battery with a firearm. While both offenses require defendant to possess a firearm, the UPWF offense includes the additional element of felon status. See *People v. Brown*, 2018 IL App (3d) 150070-B, ¶ 20 (finding UPWF is not a lesser-included offense of armed violence because it includes the additional element of "felon status"). Due to this difference, defendant

5

could commit the aggravated battery with a firearm offense without committing the lesser UPWF offense.

¶ 21    Contrary to defendant's assertion that his conviction for UPWF violates the one-act, one-crime rule and must be vacated, we find his conviction proper. We find no error in the two judgments entered by the court against defendant, and therefore, no plain error exists.

¶ 22                                III. CONCLUSION

¶ 23    The judgment of the circuit court of Peoria County is affirmed.

¶ 24    Affirmed.

¶ 25    JUSTICE McDADE, dissenting:

¶ 26    The majority affirms defendant's convictions for UPWF and aggravated battery with a firearm, finding that neither conviction violated the one-act, one-crime rule. I disagree with the majority's conclusion, and therefore, respectfully dissent. I would find that defendant's convictions relied on the same act—possession of a firearm—and vacate defendant's UPWF conviction.

¶ 27    While I agree with the majority's application of the one-act, one crime rule set forth in *King*, 66 Ill. 2d at 566, I would further apply the six-factor test used in *People v. Sienkiewicz*, 208 Ill. 2d 1, 7 (2003) to determine whether the offenses arose from one or more acts. The applicable factors are

> "(1) whether the defendant's actions were interposed by an intervening event;
>
> (2) the time interval between the successive parts of the defendant's conduct;
>
> (3) the identity of the victim; (4) the similarity of the acts performed; (5) whether
>
> the conduct occurred in the same location; and (6) the prosecutorial intent, as
>
> shown by the wording of the charging instruments." *Id.*

6

¶ 28    Applying this test, I would find that, in this case, the aggravated battery with a firearm and UPWF offenses arose from the same act. First, there was no intervening event. Defendant's act of possessing a firearm for the aggravated battery offense occurred simultaneously with his possession of a firearm for the UPWF offense. Second, there was no time interval between the two offenses. Third, the victim's identity is unhelpful because only the aggravated battery with a firearm charge involves a specified victim. Fourth, the conduct underlying the two offenses was virtually identical. Both offenses included the act of possessing a firearm. Defendant's conduct did not vary significantly when he possessed a firearm, prior to the aggravated battery where defendant caused an injury to another. Fifth, both offenses occurred in the same place. Finally, the wording of the charging instrument clearly established the State's intent to base each charge on the primary act of possession of a firearm.

¶ 29    Accordingly, I would find that five of the six *Sienkiewicz* factors are satisfied, which establishes that both charges arose from the same physical act. I would hold that defendant's convictions violate the one-act, one-crime rule. As defendant concedes that the lesser of the two offenses is UPWF, I would vacate this conviction.