**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200466-U

Order filed November 17, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Iroquois County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0466 Circuit No. 19-CF-14 |
| ANGEL J. SCHOEBERL, | ) ) ) | Honorable Michael C. Sabol, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justices Daugherity and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   Defendant's convictions for theft and aggravated possession of a stolen firearm do not violate the one-act, one-crime rule.

¶ 2     Defendant, Angel J. Schoeberl, appeals his convictions for theft and aggravated possession of a stolen firearm. He argues that the convictions violate the one-act, one-crime rule because they are based on the same physical act of stealing firearms. We affirm.

¶ 3                                      I. BACKGROUND

¶ 4        The State charged defendant with two counts each of residential burglary (720 ILCS 5/19-3(a) (West 2018)), theft (*id.* § 16-1(a)(1)(A)), unlawful possession of a weapon by a felon (UPWF) (*id.* § 24-1.1(a)), and aggravated possession of a stolen firearm (*id.* § 24-3.9(a)(1)). As relevant here, one theft charge alleged that defendant "knowingly exerted unauthorized control over the property of Michael and Lisa McCann, being a Ruger LC9 pistol, .22 caliber bolt action rifle and jewelry, having a total value in excess of $500, intending to deprive Michael and Lisa *** permanently of the use of the property." The relevant charge of aggravated possession of a stolen firearm alleged that defendant "knowingly possessed firearms, a Ruger LC9 pistol and .22 caliber bolt action rifle with knowledge that they had been stolen and without being entitled to the possession of those firearms."

¶ 5        Following a bench trial, the court found defendant guilty of both counts of residential burglary and theft, as well as one count of aggravated possession of a stolen firearm related to the Ruger LC9 pistol and .22-caliber bolt action rifle. The court found defendant not guilty of the remaining charges. In its ruling regarding the theft charge at issue in this case, the court stated that there was no question "the McCann's were the victim of the thefts being guns, jewelry and other personal property in excess of $500." It further found that

> "Mr. McCann was very specific about the items that were taken, rings, earrings, personal items, a pocket watch was taken and more importantly for one of the charges he was very specific about 2 guns that were taken, a 9 millimeter Ruger pistol that was in his night stand the night before and 22 rifle that he knows for a fact was there the night before."

¶ 6        The court sentenced defendant to 15 years' imprisonment each on the residential burglary and aggravated possession of a stolen firearm charges and 5 years' imprisonment each on the theft

2

charges with all sentences to run concurrently. Defendant filed a motion to reconsider sentence arguing the sentence was excessive, the theft charges should merge into the residential burglary charges and aggravated possession of a stolen firearm[1] should merge into a residential burglary charge. The court denied the motion. Defendant appeals.

¶ 7                                  II. ANALYSIS

¶ 8        Defendant argues that the same act that constituted theft constituted the aggravated possession of a stolen firearm such that these convictions violate the one-act, one-crime rule and one conviction must be vacated. He argues that he simultaneously committed theft and aggravated possession of a stolen firearm when he stole the two firearms.

¶ 9        Defendant "did not raise this issue below, but violation of one-act, one-crime principles 'affects the integrity of the judicial process' and is appropriate for plain error review under doctrine's substantial rights prong." *People v. Brown*, 2018 IL App (3d) 150070-B, ¶ 12 (quoting *In re Samantha V.*, 234 Ill. 2d 359, 378 (2009)). The first step in applying the plain error doctrine is to determine if an error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 10        "[A] criminal defendant may not be convicted of multiple offenses when those offenses are all based on precisely the same physical act." *People v. Coats*, 2018 IL 121926, ¶ 11. In determining whether there is a violation of this rule, the court first "ascertains whether the defendant's conduct consisted of a single physical act or separate acts." *Id.* ¶ 12. If the court determines defendant committed multiple acts, it must then determine "whether any of the offenses are lesser-included offenses." *Id.* An "act" is defined as "any overt or outward manifestation which will support a different offense." *People v. King*, 66 Ill. 2d 551, 566 (1977). "A person can be

---

[1]The motion itself argued that UPWF should merge into a residential burglary charge but after the court noted during the hearing that defendant was acquitted of UPWF, defense counsel clarified that the motion should have referenced aggravated possession of a stolen firearm rather than UPWF.

guilty of two offenses when a common act is part of both offenses or part of one offense and the only act of the other offense." *People v. Lobdell*, 121 Ill. App. 3d 248, 252 (1983).

¶ 11    Here, we conclude that there was more than one physical act. Specifically, while both offenses included the possession and/or control of the same two firearms, the theft charge also included the control over multiple items of jewelry. As such, the possession and/or control over the firearms is a part of the theft offense at issue here and the only act of the aggravated possession of a stolen firearm offense. Thus, under *Lobdell*, defendant can be guilty of both offenses as there is more than one act. See *id.*

¶ 12    We now must decide whether theft or aggravated possession of a firearm is a lesser included offense of the other. In making this determination, we apply the abstract elements approach. *Coats*, 2018 IL 121926, ¶ 30. Under this approach, we compare the statutory elements of the two offenses and

> "[i]f all of the elements of one offense are included within a second offense and the first offense contains no element not included in the second offense, the first offense is deemed a lesser-included offense of the second. *** In other words, it must be impossible to commit the greater offense without necessarily committing the lesser offense." *People v. Miller*, 238 Ill. 2d 161, 166 (2010).

¶ 13    A person commits theft, as charged in this case, when he knowingly "[o]btains or exerts unauthorized control over property of the owner" and "[i]ntends to deprive the owner permanently of the use or benefit of the property." 720 ILCS 5/16-1(a)(1)(A) (West 2018). A person commits aggravated possession of a stolen firearm, as charged in this case, when he "[n]ot being entitled to the possession of not less than 2 and not more than 5 firearms, possesses those firearms at the same

4

time or within a one-year period, knowing the firearms to have been stolen or converted." *Id.* § 24-3.9(a)(1).

¶ 14 Defendant does not argue that either offense is a lesser included offense of the other. Regardless, a review of the above elements clearly shows that neither is a lesser included offense. Specifically, theft contains the element that the offender must intend to permanently deprive the owner of the property and aggravated possession of a stolen firearm does not. Additionally, aggravated possession of a stolen firearm requires possession of at least two firearms and theft does not. Thus, both offenses can be committed without necessarily committing the other and neither is a lesser included offense of the other. Based on the foregoing, we conclude that defendant's convictions for theft and aggravated possession of a stolen firearm do not violate the one-act, one-crime rule.

¶ 15                                III. CONCLUSION

¶ 16 The judgment of the circuit court of Iroquois County is affirmed.

¶ 17 Affirmed.