**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210466-U

Order filed June 7, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0466 Circuit No. 16-CF-438 |
| | ) | |
| DASHLER JAMERSON, | ) ) | Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices McDade and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: The circuit court erred in summarily dismissing the defendant's postconviction petition at the first stage of proceedings.

¶ 2    The defendant, Dashler Jamerson, appeals from the first-stage dismissal of his postconviction petition. He argues that the Peoria County circuit court erred when it summarily dismissed his petition where it pleaded the gist of claims of actual innocence based on newly discovered evidence and ineffective assistance of trial counsel for failing to investigate a potential witness.

¶ 3                                    I. BACKGROUND

¶ 4        The defendant was indicted for aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2016)) and two counts of unlawful possession of a weapon by a felon (UPWF) (*id.* § 24-1.1) stemming from the June 13, 2016, shooting of Larry Stimage. The defendant filed an alibi defense contending that he was attending a birthday party at the time of the shooting.

¶ 5        At a bench trial, the evidence established that on June 13, 2016, at approximately 2 p.m., in the area of Wiswall and Madison Park, Stimage was shot in the left thigh. After the shooting, Stimage identified the defendant to police as the person who shot him and subsequently identified the defendant in a photographic lineup. Stimage testified that he did not recall what occurred on the date of the shooting, including identifying the defendant as the person who shot him. Timmisha Powell, who was with Stimage at the time of the shooting, also identified the defendant in a photographic lineup. Powell testified that on the day of the shooting, she and Stimage attempted to buy cigarettes before heading home. At some point thereafter, Powell went to the hospital. Powell testified that she did not recall any further details from that day. A certified copy of the defendant's prior conviction for UPWF was admitted by the State.

¶ 6        The defense called two witnesses to testify regarding the defendant's alibi defense. The defendant's brother, Hakeem Jamerson, testified that he and the defendant arrived at their grandmother's birthday party at their sister's residence on Northeast Glendale at noon on June 13, 2016, and the defendant was still at the party at 2 p.m. that day. Further, Madison Juers testified that he arrived at the party with the defendant and Hakeem between 12:30 and 1 p.m. Juers was with the defendant "24/7" and never observed the defendant leave the party. Both Juers and the defendant stayed the night and left the next morning.

2

¶ 7     The court found the defendant guilty of aggravated battery with a firearm and one count of UPWF. It sentenced the defendant to 18 years' imprisonment for aggravated battery with a firearm and a concurrent term of 9 years' imprisonment for UPWF. The defendant filed a *pro se* motion alleging ineffective assistance of trial counsel and a motion for acquittal or new trial. The defendant retained new counsel who adopted these motions. The court denied the defendant's posttrial motions. On direct appeal, the defendant argued that his conviction for UPWF should be vacated under the one-act, one-crime rule. *People v. Jamerson*, 2020 IL App (3d) 180408-U, ¶ 8. The defendant's convictions were affirmed. *Id.* ¶ 21

¶ 8     On July 14, 2021, the defendant filed a *pro se* postconviction petition alleging, in pertinent part, that trial counsel provided ineffective assistance for failing to investigate a disinterested exculpatory witness, Darian Johnson, who could have provided video evidence that the defendant was at the birthday party "several blocks away from the crime scene" at the time of Stimage's shooting. In his affidavit, the defendant stated that he provided trial counsel with Johnson's information and assumed counsel had contacted him. When counsel rested without calling Johnson, the defendant questioned counsel about it. Counsel told the defendant "not to worry about anything." A supporting affidavit from Johnson was attached to the defendant's petition which averred that he had been hired to record a birthday party on June 13, 2016. He recorded a time-stamped video of the party. Johnson provided a copy of the video recording to the individual that hired him and retained a copy of the video for himself. The video showed the defendant present at the birthday party at the time of the shooting. Johnson indicated that he informed a member of the defendant's family that he would be willing to testify and produce the video. He further indicated that he had not been contacted or interviewed by any attorney regarding the matter. On August 30,

2021, the circuit court entered an order summarily dismissing the defendant's postconviction petition. The defendant appeals.

¶ 9                                                    II. ANALYSIS

¶ 10        The Post-Conviction Hearing Act (Act) creates a procedure for imprisoned criminal defendants to collaterally attack their convictions or sentences based on a substantial denial of their constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2020). The Act provides for a three-stage proceeding. *People v. Pendleton*, 223 Ill. 2d 458, 471-72 (2006).

¶ 11        "At the first stage, the court must accept as true and liberally construe all of the allegations in the petition unless contradicted by the record." *People v. Walker*, 2019 IL App (3d) 170374, ¶ 13. To survive summary dismissal, a defendant must only state the gist of a constitutional claim, which is a low threshold. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). "At this stage, a defendant need not make legal arguments or cite to legal authority." *Id.* "If the trial court finds in the first stage of proceedings that the petition is frivolous or patently without merit, it shall summarily dismiss the petition ***." *People v. Moore*, 2018 IL App (3d) 160271, ¶ 15. A petition is considered frivolous if it has no arguable basis in law or fact. *People v. Hodges*, 234 Ill. 2d 1, 11-13, 16 (2009). Where the court dismisses the petition at the first stage, our review is *de novo*. *People v. Tate*, 2012 IL 112214, ¶ 10.

¶ 12        The defendant argues that the circuit court erred in dismissing his *pro se* postconviction petition at the first stage where he stated the gist of a claim of actual innocence based on newly discovered evidence and ineffective assistance of trial counsel for failing to investigate and call Johnson as an alibi witness. "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable

4

that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17. Here, the affidavits attached to the defendant's petition, taken as true, establish that trial counsel was aware of Johnson and had been provided with his contact information by the defendant. Johnson was available and willing to provide exonerating video evidence. Johnson had not been contacted or interviewed by any attorney. The record establishes that Johnson was not called as a witness during trial.

¶ 13     Where trial counsel was aware that a time-stamped video recording existed of the defendant in a separate location at the time of Stimage's shooting and failed to contact a known witness to obtain such evidence, an arguable claim that counsel's performance fell below an objective standard of reasonableness exists. The overwhelmingly exonerating nature of the video evidence establishes an arguable claim of prejudice from counsel's failure to seek out and present such evidence to the court. Further, in the face of the attached affidavits, failure to present such exonerating evidence cannot be considered a matter of trial strategy.

¶ 14     The State argues that the defendant forfeited this ineffective assistance of trial counsel claim where he was aware of the issue and failed to raise it in his first *pro se* motion alleging ineffective assistance and on direct appeal. As the State correctly points out, claims of ineffective assistance of counsel should be raised on direct appeal where possible otherwise the claim may be subject to forfeiture. *People v. Veach*, 2017 IL 120649, ¶ 47. However, some claims of ineffective assistance of counsel are better suited for collateral review where the record is insufficient to resolve the matter on direct appeal. *Id.* ¶ 46.

¶ 15     The State argues that because the facts surrounding this issue were known to the defendant at the time of his *pro se* posttrial motion and because the defendant was no longer represented by trial counsel at the time of his filing, the claim should be subject to forfeiture. However, a defendant does not forfeit his claims of ineffective assistance on appeal by failing to raise them in his *pro se*

posttrial motion in which he raised other ineffective assistance claims. See *People v. Wood*, 2014 IL App (1st) 121408, ¶¶ 53-55. Additionally, where, as here, Johnson was not called to testify and the contents of his affidavit could not be found in the record, forfeiture would not preclude the defendant's claim that trial counsel was ineffective for failing to investigate and call Johnson, despite the claim's failure to be included in the defendant's posttrial motion. See *Tate*, 2012 IL 112214, ¶ 15; *Veach*, 2017 IL 120649, ¶ 46.

¶ 16    Accordingly, where the defendant's petition presented the gist of a claim of ineffective assistance of trial counsel for failure to investigate and call Johnson, the summary dismissal is reversed, and the matter is remanded for second-stage proceedings. Because we have found that the defendant stated the gist of a constitutional claim as to one of the claims in his petition, we need not consider whether his actual innocence claim should have survived first-stage review as the entire postconviction petition must be docketed for second-stage proceedings. *People v. Johnson*, 377 Ill. App. 3d 854, 858 (2007).

¶ 17                                III. CONCLUSION

¶ 18    The judgment of the circuit court of Peoria County is reversed and remanded for second-stage proceedings.

¶ 19    Reversed and remanded.