THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RANDALL HERT, Defendant-Appellant.

Third District    No. 80-558

Opinion filed April 30, 1981.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is taken by the defendant, Randall Hert, from his conviction of two counts of home invasion (Ill. Rev. Stat. 1979, ch. 38, par. 12—11(a)) and two counts of armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2) following a bench trial. The defendant was sentenced to concurrent terms of 18 years' imprisonment on the two home invasion counts and one armed violence count in which he was armed with a "Category I" weapon, making that armed violence offense a Class X felony. (Ill. Rev. Stat. 1979, ch. 38, pars. 33A—1, 33A—2, 33A—3.) He was

sentenced to a concurrent term of 10 years' imprisonment on the remaining armed violence conviction in which he was armed with a "Category II" weapon, making that armed violence offense a Class 2 felony. Ill. Rev. Stat. 1979, ch. 38, pars. 33A—1, 33A—2, 33A—3.

The evidence adduced at trial showed that the defendant, accompanied by two other men, entered the homes of Richard Pflibsen and Gary Sanford. Shots were fired in the Pflibsen home and Richard Pflibsen was beaten with either a gun butt or an axe handle. During the course of the Sanford home invasion, Gary Sanford was shot in the mouth by the defendant.

The offense of home invasion, created by statute in Illinois as of February 1, 1978, is defined as follows:

"§12—11. Home Invasion. (a) A person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present and

(1) While armed with a dangerous weapon uses force or threatens the imminent use of force upon any person or persons within such dwelling place whether or not injury occurs, or

(2) Intentionally causes any injury to any person or persons within such dwelling place." Ill. Rev. Stat. 1979, ch. 38, par. 12—11(a).

The indictments charging the defendant with the offense of home invasion read as follows:

"COUNT II: AT OR ABOUT 10:30 O'CLOCK P.M., ON FEBRUARY 18, 1980, IN LASALLE COUNTY, ILLINOIS, RANDALL HERT, DEFENDANT COMMITTED THE OFFENSE OF: HOME INVASION (CLASS X FELONY) in that the said defendant without authority, knowingly entered the dwelling place of Richard Pflibsen, located at 1006 North Park Street, Streator, LaSalle County, Illinois, when the defendant had reason to know that one or more other persons were present, and intentionally caused injury to Richard Pflibsen within the dwelling place, IN VIOLATION OF SECTION 12—11, CHAPTER 38, ILLINOIS REVISED STATUTES.

COUNT V: AT OR ABOUT 1:10 O'CLOCK A.M., ON FEBRUARY 19, 1980, IN LASALLE COUNTY, ILLINOIS, RANDALL HERT, DEFENDANT COMMITTED THE OFFENSE OF: HOME INVASION (CLASS X FELONY) in that the said defendant without authority, knowingly entered the dwelling place

of Gary Sanford, located at 1810 North Shabbona Street, Streator, LaSalle County, Illinois, when the defendant knew that one or more other persons were present, and intentionally caused injury to Gary Sanford within that dwelling place, IN VIOLATION OF SECTION 12—11, CHAPTER 38, ILLINOIS REVISED STATUTES."

Immediately prior to the defendant's bench trial, the State moved to amend the indictments pursuant to section 111—5(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 111—5(e)), which permits the correction of formal defects in charging instruments to negative exceptions contained in the statute defining the offense. The State claimed that the indictments were sufficient but requested leave of court to add the clause "not being a peace officer acting in the line of duty" after the word "defendant" and before the phrase "without authority."

It is the trial court's allowance of the State's motion that the defendant raises as his first issue on appeal. The defendant asserts that the status of the accused as one who is not a peace officer acting in the line of duty is an essential element of the offense of home invasion. Thus, the defendant argues, the indictments handed down against him contained fundamental defects not correctable by amendment, and the home invasion counts in those indictments should have been dismissed. We disagree.

■■ The situation in the case at bar is analogous to that found in *People v. Williams* (1980), 80 Ill. App. 3d 963, 400 N.E.2d 532, where the information charging the defendant with murder did not allege that the blows causing the victim's death were inflicted without lawful justification. The reviewing court held that the phrase "without lawful justification" was not an element of the offense but was a mere formal defect which did not subject the information to dismissal. Likewise, we hold that the omission of the words "not being a peace officer acting in the line of duty" in the indictments issued against the defendant in the present case was a formal defect. Thus the trial judge's allowance of the State's motion to amend the indictments was proper, although we note that the amendments were probably not necessary.

The first element of the crime of home invasion is entry of the dwelling place of another without authority. (*People v. Pettus* (1980), 84 Ill. App. 3d 390, 405 N.E.2d 489.) Because the indictments in the present case included language to that effect, they meet the explicitly stated requirements of section 111—3(a) of the Code of Criminal Procedure which requires that the charge set forth "the nature and elements of the offense charged." Ill. Rev. Stat. 1979, ch. 38, par. 111—3(a).

The defendant next contends that his convictions of armed violence be reversed, since the same physical acts underlie both the home invasion

and armed violence convictions as to Richard Pflibsen and Gary Sanford. The State concedes this issue, and, pursuant to the Illinois Supreme Court's condemnation of the practice of "double dipping," in *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, we reverse the defendant's convictions for armed violence. See *People v. Green* (1980), 83 Ill. App. 3d 982, 404 N.E.2d 930.

Because we have reversed the defendant's armed violence convictions, we need not address the defendant's argument that the armed violence statute violates the equal protection and due process clauses of the State and Federal constitutions.

■■ We must, however, address two sentencing issues raised by the defendant. The first of these issues arises from our reversal of the defendant's armed violence convictions. He argues that the reversal of those convictions requires a remandment of his case for resentencing, since it is not possible to know to what extent the trial court may have considered the fact that the defendant faced two more convictions in arriving at a sentencing decision. We agree with the defendant's argument.

The sentences imposed, three concurrent 18-year sentences on the two home invasion convictions and one armed violence conviction, all Class X felonies, and a 10-year concurrent sentence on the remaining armed violence conviction, a Class 2 felony, may well have resulted from the trial judge's consideration of all four convictions. (See *People v. Green* (1980), 83 Ill. App. 3d 982, 404 N.E.2d 930.) Thus we remand for resentencing on the remaining two home invasion convictions.

■■ Lastly, the defendant argues that his case should be remanded for resentencing because the trial court considered the fact that the defendant's conduct caused great bodily harm in sentencing the defendant on two counts of home invasion. He asserts that the legislature must have implied causation of harm to a victim in every home invasion in classifying the offense as a Class X felony. Thus, the defendant argues, the legislature could not have intended that every home invasion based on an injury to the occupants should be aggravated by the statutory factor that "the defendant's conduct caused or threatened serious harm." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2.) Following the reasoning expressed by this court in *People v. Robinson* (1980), 89 Ill. App. 3d 211, 411 N.E.2d 589, we reject the defendant's argument. There is some harm where home invasion is based on injury to the home's occupants, but the degree of harm is relevant in sentencing the defendant to a determinate term of imprisonment of from 6 to 30 years. For this reason, upon remand for resentencing, the trial judge may properly consider the statutory aggravating factor of whether the defendant's conduct caused or threatened serious harm in imposing sentence on the remaining two home invasion convictions.

Accordingly, the defendant's convictions for armed violence are reversed, the convictions for home invasion are affirmed, the defendant's sentences are vacated, and this cause is remanded for a new sentencing hearing on the home invasion convictions.

Reversed in part, affirmed in part, and remanded with directions.

SCOTT, P. J., and HEIPLE, J., concur.