THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEPHEN FILKER, Defendant-Appellant.

Third District    No. 79-544

Opinion filed October 23, 1981.

Robert Agostinelli and Charles Hoffman, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is an appeal by the defendant, Stephen Filker, following his convictions for attempt murder and aggravated battery in the Circuit Court of Peoria County. After the jury found him guilty, he was sentenced to a six-year term of imprisonment for attempt murder.

In this appeal, the defendant argues that the aggravated battery conviction must be vacated since it arose from the same physical act which formed the basis for the attempt murder conviction. The State concedes the *vacatur* of the aggravated battery conviction, but argues the impro-

priety of a remandment in this case because the defendant has failed to rebut the presumptive validity of the sentence imposed.

In support of its position, the State cites the appellate decision in *People v. Myers* (1980), 83 Ill. App. 3d 1073, 404 N.E.2d 1082, *aff'd in part & rev'd in part on other grounds* (1981), 85 Ill. 2d 281, 422 N.E.2d 620. However, reliance on *Myers* is inappropriate. The decision in *Myers* was based on a standard of review which has since been determined by the Illinois Supreme Court to be unconstitutional. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

Under the abuse of discretion standard which was reaffirmed in *Cox*, remandment for resentencing has consistently been the remedy where the trial court could have improperly considered a second conviction based on the same act as supports the conviction for which the defendant was sentenced. See *People v. Smith* (1980), 78 Ill. 2d 298, 399 N.E.2d 1289; *People v. Vallero* (1978), 61 Ill. App. 3d 413, 378 N.E.2d 549; *People v. Ross* (1978), 60 Ill. App. 3d 857, 377 N.E.2d 230.

Accordingly, the judgment of conviction of attempt murder entered in the circuit court of Peoria County is affirmed, the judgment of conviction for aggravated battery is vacated, and the cause is remanded for a new sentencing hearing.

Affirmed in part, vacated in part and remanded.

SCOTT, P. J., and STOUDER, J., concur.