THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RONALD G. PEARSON, Defendant-Appellant.

Fourth District   No. 17540

Opinion filed August 5, 1982.

Daniel D. Yuhas and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas L. Brownfield, State's Attorney, of Havana (Robert J. Biderman and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LONDRIGAN delivered the opinion of the court:

Ronald Pearson was convicted of reckless conduct and criminal damage to property valued at less than $150. He was sentenced to 364 days' probation with the condition that 13 weekends of that probation be spent in jail, a $250 fine, and restitution. He appeals from the convictions and sentence.

Pearson raises two issues on appeal: (1) whether the trial court erred in entering convictions for both criminal damage to property and reckless conduct where the act of damaging the property was also the act which gave rise to the reckless conduct charge and (2) whether the trial court erred in imposing restitution as a condition of probation and in failing to fix the amount of restitution or the period of payment.

The charges filed below arise out of an incident occurring on February 13, 1981. Albert Hoffman testified that at approximately 11 or 11:30 that evening he had been in the process of closing his tavern and counting the night's receipts. Two men entered the tavern, one of

whom, Charles Brackney, Mr. Hoffman knew. The two men sat at the bar and asked for a half pint of liquor. Hoffman sold it to them and then asked them to leave because he wished to go to the hospital to visit his wife. Hoffman stated that the two men refused to leave and an argument ensued. Eventually, Hoffman testified, Brackney took the other man to the door and Mr. Hoffman went to the telephone and called the sheriff. Hoffman identified defendant as the other man and testified that the defendant grabbed a portable air compressor which was located near the door. Hoffman testified that he dropped the telephone and grabbed the compressor, shutting the door after defendant went out. Hoffman locked the door and, as he stood approximately two feet from the door, saw defendant swing his arm and defendant's fist hit the glass. Some of the broken glass hit Mr. Hoffman. Two of Mr. Hoffman's fingers were bleeding, a piece of one finger having been completely cut off. Hoffman testified that he summoned a neighbor to watch the tavern and drove himself to the hospital.

Charles Brackney testified in defendant's behalf. He stated that he and defendant had arrived at the tavern at approximately 10:30 p.m. Defendant had initially stayed in the car as Brackney went in to purchase a half pint of liquor. Defendant came into the tavern and went into the restroom as Brackney was asking the price of the whiskey. Brackney recalled that defendant asked him if he wished to play a game of pool but that Mr. Hoffman had indicated that he was closing because he wished to visit his wife in the hospital. Brackney then told defendant that they had to leave and defendant said, "All right." Brackney recalled that defendant was in front of Hoffman as defendant and Brackney left the tavern and that defendant had pushed the compressor, which was near the door, against the wall. As defendant was leaving, Hoffman came forward and accused them of attempting to steal the compressor. Brackney testified that he shoved defendant out the door and the two left. While they were on their way to the car, Brackney heard the sound of breaking glass. He got into the car and defendant said that it was none of their business. Brackney stated that he never turned to look back.

Defendant testified that he had been listening to the radio when Brackney went into the tavern for the half pint of liquor. When he entered the tavern and went to the bathroom, he passed the pool table and stopped with the intention of starting a game. Defendant recalled that the air compressor was in the way and that he had moved the compressor aside. When defendant came out of the restroom, Brackney and Hoffman were talking and defendant asked Brackney if he

wished to play a game of pool. Brackney stated that the tavern was closing and that Mr. Hoffman wished to go see his wife in the hospital. The two men then walked to the exit of the tavern. Defendant testified that he moved the compressor over towards the left side of the door. As he reached the door he felt a nudge from behind and turned to see Brackney coming through the door behind him. Defendant testified that he heard Hoffman saying something about trying to take the compressor. The two men responded that they were not trying to take the compressor and continued out the door. Defendant recalled that when they were approximately half way to their car, they heard the sound of breaking glass. Defendant turned to look and noted that Brackney was approximately three to four feet behind him. Defendant stated that he did not know how the window had been broken.

In *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, our supreme court dealt with the issue of multiple convictions arising from the same physical act. The court rejected the so-called independent motivation test as "a standard for determining whether multiple convictions and concurrent sentences are permissible." (66 Ill. 2d 551, 566, 363 N.E.2d 838, 844.) The court set forth the proper method of analysis in the following passage:

> "Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45.

In the present case, the standard set forth in *King* mandates vacation of defendant's conviction for criminal damage to property. Both the conviction for criminal damage to property and the conviction of reckless conduct were based upon the same solitary physical act—the breaking of the tavern door window by defendant.

The State argues that the nature of the two crimes, criminal dam-

age to property and reckless conduct, are totally different. One involves Hoffman's property interest and the other is a crime against his person. The State further points out that neither is a lesser-included offense of the other.

*King* does not make a distinction based upon the nature of the victim's interest invaded by the defendant. *King* and its progeny state that where a single physical act is involved, only one conviction may stand. We reject the property interest-personal interest theory proffered by the State. The conviction for criminal damage to property is hereby vacated.

Defendant also urges us to reverse that portion of the judgment imposing restitution because of the failure of the trial court to determine whether the defendant could pay restitution and because of the failure of the trial court to determine the amount and manner of payment. Defendant's objection to the failure of the trial court to determine his ability to make restitution is waived; defendant failed to object at his sentencing hearing, and the record discloses that he has an ability to pay. (See *People v. Wilson* (1980), 87 Ill. App. 3d 544, 408 N.E.2d 1209.) The trial court did err in failing to specify the amount of restitution to be made and the period for making payment to the victim. (*People v. Daminski* (1980), 80 Ill. App. 3d 903, 400 N.E.2d 708.) The trial court's order of restitution is hereby vacated and the matter is remanded to the circuit court of Mason County with directions to hold a hearing to determine the amount of restitution to be paid and the conditions of payment (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—6).

Conviction for reckless conduct and sentence affirmed; conviction for criminal damage to property vacated; order of restitution vacated and remanded for hearing on the amount of restitution and the manner of payment.

Affirmed in part, vacated in part and remanded.

WEBBER and MILLS, JJ., concur.