THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN GORNEY, JR., Defendant-Appellant.

Third District   No. 3—83—0409

Opinion filed September 18, 1985.

Robert Agostinelli and Thomas A. Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

This case makes its second appearance before this court. Following trial by jury in the county of Will, the defendant John Gorney, Jr., was convicted of the offenses of home invasion, attempted rape and aggravated battery. The defendant was sentenced to concurrent terms of imprisonment of 14 years for home invasion, five years for attempted rape and five years for aggravated battery. This court reversed the judgments of the trial court and remanded the case to the trial court for a new trial. The reversal was predicated upon the trial court's denial of evidence which tended to show that the victim had a proclivity for making false accusations of rape. (*People v. Gorney* (1984), 121 Ill. App. 3d 260, 459 N.E.2d 347.) The supreme court reversed the decision of this court and has remanded the case for consideration of other issues raised by the defendant but which remain undecided. *People v. Gorney* (1985), 107 Ill. 2d 53.

Except as necessary we will not again relate the facts which were adduced at the trial of this case, since they are set forth in the prior opinion of this court and the subsequent opinion of the supreme court.

We first address the issue raised by the defendant that his conviction for aggravated battery should be reversed because it was based on the same physical acts underlying the home invasion conviction and/or because the State failed to prove him guilty of aggravated battery beyond reasonable doubt.

Regarding the propriety of the convictions for both home invasion and aggravated battery, we note that the counts for each of these offenses charged the defendant with injuring the victim, Patricia

Woods, by striking her in the face so as to cause bruises. The same physical conduct by the defendant was the basis for both of the charges. The evidence established that the defendant did invade the victim's home, namely, her bedroom, while she was sleeping. She was threatened by the invader who was masked by having a nylon stocking (pantyhose) over his head. When the invader proceeded to pull down her nightgown the victim tore the mask of the invader. The victim recognized the defendant as the invader and when she screamed his name he struck her in the face. It is this striking which the State relied on as causing injury to the victim in order to support the home invasion charge as well as causing bodily harm to support the aggravated battery charge. Both charges were based on the same physical conduct of the defendant, to-wit, his striking the victim in the face. The State has committed the practice of "double dipping" as defined and condemned in the supreme court case of *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838. See also *People v. Hert* (1981), 95 Ill. App. 3d 871, 420 N.E.2d 813; *People v. Bitner* (1980), 89 Ill. App. 3d 1106, 412 N.E.2d 721.

■ ■ For the reasons set forth, the defendant's conviction for aggravated battery should be reversed because the evidence in the instant case establishes that this conviction is a lesser included offense of home invasion and is barred as a multiple conviction upon which a concurrent sentence was imposed. Having concluded that the defendant's conviction for aggravated battery should be vacated and further noting that the defendant was sentenced to a term of imprisonment of 14 years for the offense of home invasion, which sentence is eight years in excess of the mandatory minimum term, we are of the opinion that this case should be remanded for a resentencing hearing for the offenses of home invasion and attempted rape. We will not speculate as to whether the aggravated battery conviction did or did not affect the length of the sentences imposed upon the defendant for home invasion and attempted rape. *People v. Filker* (1981), 101 Ill. App. 3d 228, 427 N.E.2d 1311; *People v. Hert* (1981), 95 Ill. App. 3d 871, 420 N.E.2d 813.

Since a resentencing hearing is in order, we will not consider defendant's contention that the trial court abused its discretion in imposing a 14-year sentence on the home invasion conviction.

■ Lastly, the defendant argues that the trial court erred in imposing restitution upon him in the amount of the bond money which he had posted. Any objection to the propriety of ordering restitution has been waived by the defendant since he failed to object at the sentencing hearing when the order was imposed. (*People v. Osborn*

(1983), 111 Ill. App. 3d 1078, 444 N.E.2d 1158; *People v. Pearson* (1982), 108 Ill. App. 3d 241, 439 N.E.2d 31.) In passing we note that the trial judge determined the actual out of pocket loss caused by the defendant's criminal activity, which was far in excess of the $1,500 bond deposit of the defendant. The trial court recognized that the defendant would not be able to make restitution *in toto* and hence fixed the amount of restitution in an amount equal to the bond money deposit.

For the reasons set forth, we reverse the defendant's conviction for the offense of aggravated battery and affirm his convictions for home invasion and attempted rape. However, we remand this case to the circuit court of Will County with directions to conduct a new sentencing hearing on the latter two convictions, namely, home invasion and attempted rape.

Affirmed in part, reversed in part and remanded with directions.

STOUDER, P.J., and BARRY, J., concur.