THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DIANE CATTANEO, Defendant-Appellant.

Third District   No. 3—85—0557

Opinion filed September 26, 1986.

HEIPLE, J., specially concurring.

Carl W. Telford, of Law Offices of Carl W. Telford, Ltd., of La Salle (Scott R. Guido, of counsel), for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (Gary F. Gnidovec, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant appeals from the order of the La Salle County circuit court sentencing her to three years in the Department of Corrections on each of 30 counts of forgery, with the sentences to run concurrently. The court further ordered that $998 seized from the defendant as State's evidence be turned over to the victim.

The defendant submits that the trial court abused its discretion in (1) refusing to sentence the defendant to probation and a drug rehabilitation program under the Alcoholism and Substance Abuse Act (the Act) (Ill. Rev. Stat. 1985, ch. 111½, par. 6301 *et seq.*); (2) failing to consider various factors in mitigation as required by the Unified

Code of Corrections (the Code) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.1); and (3) ordering partial restitution in the amount of $998 after finding that the defendant was without the ability to make full restitution.

We find that the trial court committed error in denying the defendant probation under the Act, and therefore we vacate the defendant's sentence and remand for resentencing. We affirm the order of restitution.

A brief resume of the facts will serve as background for our examination of the sentence. The defendant, a 34-year-old divorced mother of two young children, was convicted of forging the signature of her client, an optometrist, while she was employed as his bookkeeper over a 2½-year period. She pleaded guilty to 30 counts for writing checks totaling more than $13,000. The parties stipulated, however, that the actual total in forged checks was $176,394.96.

The presentence investigation included an evaluation by the drug rehabilitation program T.A.S.C. (Treatment Alternatives to Street Crime). A representative of T.A.S.C. testified at the defendant's sentencing hearing that the defendant, since 1981, had been a cocaine addict with a $90 to $300-per-day habit, and that she was fairly likely to be rehabilitated through treatment. Her addiction was corroborated by the testimony of numerous witnesses.

The trial judge found the defendant to be an addict and did not dispute the T.A.S.C. representative's recommendation of treatment. In denying probation, the judge stated that probation would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice.

Under the Act, if the court determines that an individual is an addict who is likely to be rehabilitated through treatment, the court is required to place the individual on probation under the supervision of the drug treatment program unless the court is of the opinion that either (1) no significant relationship exists between the addiction of the individual and the crime committed, or (2) his imprisonment or periodic imprisonment is necessary for the protection of the public. The court must specify on the record the particular evidence, information or other reasons that led to its opinion. Ill. Rev. Stat. 1985, ch. 111½, par. 6323.

■ We find that the trial court's imposition of a sentence of incarceration was in violation of the Act. The court failed to indicate that either of the two factors enumerated in the preceding paragraph was its reason for denying probation. While the finding that

probation would deprecate the seriousness of the offense is a sufficient basis for the denial of probation under the Code (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—1(a)(2)), it is not sufficient when the defendant is eligible for drug abuse treatment under the Act. Our supreme court has held that the provisions of the Code are not to be superimposed upon the provisions of the Act so as to preclude probation as authorized under the Act. *People v. Teschner* (1980), 81 Ill. 2d 187, 407 N.E.2d 49.

■ We hold that the defendant met all of the requirements for eligibility for treatment under the Act. As we previously observed, the trial court made the necessary finding that the defendant was an addict, and did not reject the uncontroverted evidence that she could be rehabilitated through T.A.S.C. In addition, our review of the record supports the conclusion that an obvious relationship existed between the defendant's drug addiction and the crime she committed. Furthermore, the trial court expressly ruled that imprisonment was not necessary for the protection of the public. Therefore, it was error to deny the defendant probation under the Act, and her sentence must be vacated.

■ The defendant also contends that the trial court apparently ignored her lack of a prior criminal record, the hardship which imprisonment would entail to her dependents, the unlikelihood of recurrence of the circumstances which resulted in the crime, and the defendant's character and attitude which would indicate that she is unlikely to commit another crime. These are among the factors in mitigation which the court is obliged to consider in rendering sentence. Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.1

The defendant's contention is incorrect. The trial judge enunciated the weight he accorded to each of the foregoing factors. It is true that the judge concluded that it was impossible for him to determine the likelihood of recurrence and whether or not the defendant's character and attitude indicate that she is unlikely to commit another crime, finding that both factors would depend upon the defendant's overcoming her addiction. Contrary to defendant's claim, however, none of the factors was "ignored." Whether the trial court abused its discretion in the manner in which it weighed each factor in determining sentence is a question which we need not decide in light of our decision that the defendant was eligible for probation under the Alcoholism and Substance Abuse Act.

■ The final point of error raised on this appeal is the restitution to the victim of $998 seized from the defendant, despite the trial court's determination that the defendant was unable to make

full restitution. The defendant also argues that the State failed to establish that the $998 was the "fruit" of the crime.

We reject the defendant's assertions on both grounds. First, we have previously recognized the trial court's authority to order a defendant to make partial restitution to the extent one is capable, even if it finds the defendant unable to pay the full amount. (*People v. Gorney* (1985), 136 Ill. App. 3d 878, 483 N.E.2d 1298.) Second, there is no statutory prerequisite to the ordering of restitution that the money to be paid must have been derived from the commission of the crime. We find the notion to be patently ludicrous.

For the reasons we have stated, we vacate the defendant's sentence and remand for resentencing under the Alcoholism and Substance Abuse Act. We affirm the order directing that $998 recovered from the defendant be paid to the victim as partial restitution.

Affirmed in part, vacated and remanded in part.

STOUDER, J., concurs.

JUSTICE HEIPLE, specially concurring:

The majority's decision in this case is regrettably correct. It is regrettable because justice suffers when a convicted felon who is a drug addict receives probation while a different felon, similarly situated except for the drug addiction, receives a penitentiary sentence. Such disposition goes beyond recognizing drug addiction as a cause of crime, it positively rewards it.

Since the *Teschner* decision, the statute has been amended twice. A 1979 amendment added language that defendants be otherwise eligible for probation. However, in 1981, the legislature revised the statute again and took that language out. Hence, for all practical purposes, we are back to the ruling in *Teschner* even though it is grounded on the law as it was written in 1977.