2013 IL App (3d) 100150-B

Opinion filed September 12, 2013.
Modified Upon Denial of Rehearing January 16, 2014

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2014

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-10-0150 |
| v. | ) ) | Circuit No. 09-CF-124 |
| SCOTT D. HURRY, | ) ) ) | Honorable Ted J. Hamer, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Carter and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1   Following the filing of our original opinion in this cause, the supreme court issued a

supervisory order directing this court to vacate its judgment and reconsider the case in light of its

decision in *People v. Lara*, 2012 IL 112370.  See *People v. Hurry*, No. 114348 (Mar. 27, 2013

(supervisory order)).  In order to assist this court in complying with the supreme court's

instructions, we issued a minute order requesting that the parties rebrief the issues "in light of

*People v. Lara*." *People v. Hurry*, No. 3-10-0150 (May 22, 2013).  Importantly, neither our order

nor the supreme court's order requested that the parties rebrief the entire case by adding or

deleting issues. See *McDunn v. Williams*, 156 Ill. 2d 288 (1993) (the supreme court's supervisory authority is directed at the courts below). Both parties filed briefs. Defendant's brief modified the issues and raised new arguments unrelated to *Lara*. On September 12, 2013, this court issued an opinion that reconsidered the case in light of *Lara* but did not address defendant's new or modified arguments unrelated to *Lara*.

¶ 2    Defendant subsequently filed a petition for rehearing, asking this court to consider his new arguments unrelated to *Lara*. Due to the nature of the supreme court's supervisory order, we lack authority to do so. The order issued by the supreme court simply directed this court to reconsider its decision in light of *Lara*. We cannot proceed beyond its mandate. Therefore, we deny defendant's petition for rehearing. What follows is our opinion from September 12, 2013.

¶ 3    Defendant, Scott D. Hurry, was charged with 10 counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2006)). Following a bench trial, the circuit court of Henry County found defendant guilty of all charges. He was sentenced to consecutive terms of imprisonment totaling 108 years. Defendant appeals his convictions, arguing that the State failed to prove the *corpus delicti* of 8 of the 10 charges. We affirm defendant's convictions on counts I, II, and III; reduce his convictions on counts IV and V from predatory criminal sexual assault to aggravated criminal sexual abuse (720 ILCS 5/12-16 (West 2006)); reverse his convictions on counts VI through X; and remand the case for resentencing on counts IV and V.

¶ 4                                        FACTS

¶ 5    On April 7, 2009, defendant was charged with 10 counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2006)). Count I alleged that defendant placed his finger in the vagina of R.J.S., count II alleged that defendant placed his penis in the vagina of

2

R.J.S., and counts III through X alleged that defendant placed his penis in the mouth of R.J.S. The cause proceeded to a bench trial.

¶ 6    At trial, R.J.S. testified that she was nine years old. She stated that defendant touched her vagina on more than one occasion. One such incident occurred when R.J.S. was home alone with defendant and her brother. Defendant and R.J.S. went into her mother's bedroom, where defendant threatened to kill her mother if she did not do what he asked. R.J.S. complied, and defendant's hand touched the outside of her vagina. Defendant also made R.J.S. touch his penis with her hands and her mouth. R.J.S. testified that something like that had happened before.

¶ 7    On another occasion defendant placed his penis in R.J.S.'s vagina. Another incident occurred in R.J.S.'s bedroom, where defendant made R.J.S. touch his penis with her hands. Again, defendant threatened R.J.S. by telling her that he would hurt her mother if she did not comply. R.J.S. stated that defendant made her touch his penis with her hands on yet another occasion when they were riding "three-wheelers" by a bridge.

¶ 8    Officers Dyan Morrisey and Daniel Wisdom testified to a conversation they had with defendant. According to the officers, defendant admitted to the allegations contained in the 10 counts against him. Defendant stated that on one occasion when R.J.S.'s mother was at the grocery store and her brother was playing video games, he told R.J.S. to go into her mother's bedroom and get undressed. He went into the room, removed all of his clothing except for his boxers and penetrated R.J.S.'s vagina with his finger. He then attempted to penetrate her with his penis; however, she said "Ow," so he stopped. Defendant then made R.J.S. perform oral sex on him by placing his penis in her mouth.

¶ 9    Defendant also confessed to other incidents of sexual contact. He stated that he made

3

R.J.S. perform oral sex on him when they were riding three-wheelers and once when they were traveling to his mother's house in Missouri. Defendant claimed that he had R.J.S. perform oral sex on him a couple times a week for three to four weeks.

¶ 10    The trial court found defendant guilty on all counts. Defendant appeals.

¶ 11                                                   ANALYSIS

¶ 12    Defendant argues that the State failed to prove the *corpus delicti* of 8 of the 10 charges of predatory criminal sexual assault of a child. Defendant's contention is a challenge to the sufficiency of the evidence. *People v. Sargent*, 239 Ill. 2d 166 (2010). When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry defendant; rather, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237 (1985).

¶ 13    Under Illinois law, proof of an offense requires proof of two distinct propositions or facts beyond a reasonable doubt: (1) that a crime occurred, *i.e.*, the *corpus delicti*; and (2) that the crime was committed by the person charged. *Sargent*, 239 Ill. 2d 166. While defendant's confession may be integral to proving the *corpus delicti*, it is well established that proof of the *corpus delicti* may not rest exclusively on defendant's extrajudicial confession, admission, or other statement. *Id.* Still, the *corpus delicti* is not required to be proved beyond a reasonable doubt exclusively by evidence independent of the confession. *People v. Perfecto*, 26 Ill. 2d 228 (1962). If there is evidence of corroborating circumstances which tend to prove the *corpus delicti* and correspond with the circumstances related in the confession, both the circumstances and the confession may be considered in determining whether the *corpus delicti* is sufficiently

4

proved in a given case. *Id.* However, where defendant confesses to multiple offenses, the corroboration rule requires that there be independent evidence tending to show that defendant committed each of the offenses for which he was convicted. *Lara*, 2012 IL 112370.

¶ 14　In this case, defendant contends that the State failed to prove the *corpus delicti* for count I and counts IV through X.

¶ 15　　　　　　　　　　　　　　A. Count I

¶ 16　Count I alleged that defendant committed an act of sexual penetration by placing his finger in the vagina of R.J.S. According to Morrisey's and Wisdom's testimony, defendant admitted to penetrating R.J.S.'s vagina with his finger. R.J.S.'s testimony corroborated that sexual contact occurred between defendant and R.J.S. on the evening in question. However, defendant claims that R.J.S.'s statement that he touched her on the outside should reduce the crime from predatory criminal sexual assault to aggravated criminal sexual abuse.

¶ 17　To support his argument, defendant cites *Sargent*, 239 Ill. 2d 166, *People v. Richmond*, 341 Ill. App. 3d 39 (2003), and *People v. Bell*, 234 Ill. App. 3d 631 (1992). The instant case, however, is distinguishable from those cases. In *Sargent*, no evidence existed that would tend to prove defendant fondled, or even came into contact with, the victim's penis other than defendant's confession. Similarly, in *Richmond*, only defendant's statement established that defendant's penis touched the victim's vagina. In this case, R.J.S.'s testimony places defendant's fingers directly on her vagina. Thus, her testimony established corroborating circumstances that tended to prove that defendant's confession was accurate.

¶ 18　This case is also distinguishable from *Bell*. In *Bell*, when asked whether defendant rubbed the victim's privates or inserted his finger into her, the victim responded that defendant

"rubbed it." The court found that, because this was the only evidence of the assault, a reasonable inference could not be drawn that defendant penetrated the victim. Here, the statement by R.J.S. is similar; however, in this case the State produced other evidence by way of defendant's confession that would allow a reasonable inference of defendant's guilt. Therefore, we find that defendant's confession was sufficiently corroborated by other evidence that tended to prove the accuracy of his statements, and thus the *corpus delicti* of count I was proven.

¶ 19                                B. Counts IV Through X

¶ 20    Defendant further alleges that the State failed to prove the *corpus delicti* for counts IV through X. Counts III through X alleged that defendant committed an act of sexual penetration by placing his penis in the mouth of R.J.S. According to Morrisey's and Wisdom's testimony, defendant confessed to placing his penis in R.J.S.'s mouth a couple times a week for approximately three to four weeks. Evidence of such contact was corroborated by R.J.S.'s testimony that her mouth touched defendant's penis while she and defendant were in her mother's bedroom. However, her testimony only established one instance of such conduct. The State produced no other corroborating evidence that clearly showed defendant had placed his penis in the mouth of R.J.S. on any other occasion.

¶ 21    In *Lara*, 2012 IL 112370, the Illinois Supreme Court made it clear that the independent evidence necessary to prove the *corpus delicti* is minimal. Nonetheless, the court did not overrule its prior holding in *Sargent*, 239 Ill. 2d 166, where it stated that a confession involving more than one offense requires independent evidence tending to show that the defendant committed each of the offenses for which he was convicted. In *Lara*, the defendant was charged with two separate offenses, and the victim testified to two separate incidents in which the

6

defendant assaulted her. Unlike in *Lara*, the victim here testified to only one instance of penis to mouth contact. Therefore, based on *Sargent* and *Lara*, only one of Counts III through X can stand.

¶ 22    Even though we find that the State's evidence only corroborated one instance of penis to mouth contact, the State did produce independent evidence that on two separate occasions defendant made R.J.S. touch his penis with her hands. Based on this evidence, and pursuant to Illinois Supreme Court Rule 615 (eff. Jan. 1, 1967), we reduce defendant's convictions on counts IV and V from predatory criminal sexual assault to aggravated criminal sexual abuse (720 ILCS 5/12-16 (West 2006)).

¶ 23                                    C. Remand

¶ 24    Defendant argues that we should remand the cause to the trial court for resentencing on the counts that we affirm as well as those that we do not. In support, defendant cites two earlier decisions of this court, *People v. Hert*, 95 Ill. App. 3d 871 (1981), and *People v. Green*, 83 Ill. App. 3d 982 (1980). We agree that those cases stand for the proposition that remand for resentencing on all affirmed convictions is automatic if any of the convictions are vacated. However, since the decisions in those two cases, the Illinois Supreme Court has ruled that remand for resentencing is not required where: (1) the circuit court sentenced defendant separately on each conviction; and (2) the record does not otherwise show that the court considered the vacated convictions in imposing sentence on the remaining convictions. *People v. Maggette*, 195 Ill. 2d 336 (2001). Therefore, to determine if the cause should be remanded for resentencing, we must do the analysis required by *Maggette*.

¶ 25    Here, it is clear that the circuit court sentenced defendant separately on each conviction.

Defendant contends, however, that the record indicates that the trial court considered the vacated convictions in imposing sentence on the remaining convictions. As evidence of this, defendant cites the trial court's discussion of the factors in aggravation. The court stated:

> "There's no question but that the defendant's acts of sexual assault on a seven-year-old girl certainly present a threat of serious mental harm to her, and, in addition, the penetration by the defendant as alleged and proven in Counts I and II certainly threatened physical harm, and the other acts also threatened physical harm by way of any sexually transmitted diseases that may have been possible here."

¶ 26    Our reading of the record leads us to conclude that the trial court was simply stating that each individual act, and not a combination of all of the acts, threatened physical harm, and therefore each conviction contained that factor in aggravation. Thus, the sentences on counts I, II, and III stand, as we do not find that the trial court considered the vacated convictions when it sentenced defendant on those counts.

¶ 27                                   CONCLUSION

¶ 28    In sum, we affirm defendant's convictions and sentences on counts I, II, and III. We reduce defendant's convictions from predatory criminal sexual assault to aggravated criminal sexual abuse on counts IV and V. Defendant's convictions on counts VI through X are reversed, and the sentences on those counts are vacated. Finally, we remand the case for resentencing on counts IV and V.

¶ 29    The judgment of the circuit court of Henry County is affirmed in part and reversed in part.

¶ 30    Affirmed in part and reversed in part; cause remanded.