**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210486-U

Order filed May 12, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0486 Circuit No. 20-CF-1854 |
| MICHAEL SMITH, | ) ) ) | Honorable Edward A. Burmila, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Presiding Justice Holdridge and Justice Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  (1) The State failed to prove defendant guilty of possession of a stolen vehicle beyond a reasonable doubt; and (2) defendant's conviction for reckless driving violates the one-act, one crime doctrine.

¶ 2    Defendant, Michael Smith, appeals his convictions for aggravated domestic battery, possession of a stolen motor vehicle, interfering with reporting of domestic violence, reckless driving, and reckless conduct. Defendant contends that the evidence was insufficient to show the elements of possession of a stolen motor vehicle. He also argues his convictions of reckless

driving and reckless conduct violate the one-act, one-crime doctrine because those convictions are based on the same physical act. The State concedes both issues but contends that it is unnecessary to remand this case for resentencing. We affirm in part and vacate in part.

¶ 3                                   I. BACKGROUND

¶ 4         On December 3, 2020, the State charged defendant by indictment with aggravated domestic battery (720 ILCS 5/12-3.3(a-5), (b) (West 2020)), possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1), (b) (West 2020)), domestic battery (720 ILCS 5/12-3.2(a)(2), (b) (West 2020)), interfering with the reporting of domestic violence (720 ILCS 5/12-3.5(a), (c) (West 2020)), reckless driving (625 ILCS 5/11-503(a), (b) (West 2020)), and reckless conduct (720 ILCS 5/12-5(a)(1), (b) (West 2020)). The matter proceeded to a bench trial on June 3, 2021.

¶ 5         The trial testimony revealed that Debra Rutledge dated defendant and their relationship ended in September 2020. Despite their breakup, the two remained friendly. Rutledge and defendant worked at the Amazon Fulfillment Center warehouse in Joliet, Illinois. On October 22, 2020, they carpooled to work in Rutledge's daughter's Jeep Cherokee. After their shift ended, defendant began questioning Rutledge about a new romantic interest. Rutledge did not respond to defendant's questions. He persisted as the two departed from the Amazon parking lot in the Jeep Cherokee. In response to Rutledge's continued silence, defendant began to choke Rutledge around her neck. At trial, Rutledge maintained that the defendant was merely pulling on her turtleneck sweater and not choking her. Rutledge, who was driving, circled back to the Amazon parking lot so that both parties could "cool down." Once parked, defendant reinitiated contact and began choking Rutledge in efforts to prevent her from leaving the car.

¶ 6         Upon viewing and hearing the disturbance, a small group of nearby Amazon employees gathered. One of these employees, Early Porter, testified that after arriving at the Amazon

2

warehouse for his scheduled night shift, he witnessed defendant and Rutledge arguing in a nearby car. Once the argument escalated, Porter heard Rutledge screaming for help. He then approached the vehicle. At this time, he observed defendant choking Rutledge. Porter, with the assistance of a coworker, confronted defendant and aided Rutledge by pulling her out of the driver's seat and into safety. Rutledge requested one of the bystanders retrieve her car keys. Porter then grabbed the driver's side door and reached into the vehicle. Before he could get to the keys, defendant moved to the driver's seat and sped off. Porter let go of the vehicle, but as a result of the defendant driving off, his shoulder collided with a parked vehicle in the warehouse parking lot. He endured an injury that eventually required rotator cuff surgery.

¶ 7        Following the incident, Rutledge filed a domestic violence complaint, a vehicle theft form, and spoke with two police officers. She informed one of the officers that defendant administered pressure to her neck making it difficult for her to breathe. While Rutledge was still at the Amazon warehouse, her daughter drove to her home and informed her that the Jeep Cherokee was parked outside. After returning home on the night of October 22, 2020, Rutledge confirmed the Jeep Cherokee was parked outside of her residence.

¶ 8        After the State rested, the defense moved for a directed verdict on all counts. In relation to the stolen vehicle charge, the State recognized that defendant drove the vehicle back to Rutledge's home, but noted he was not legally entitled to drive the vehicle. The court denied defendant's motion for a directed verdict and subsequently found him guilty on all counts.

¶ 9        Defendant was sentenced on October 8, 2021. Based on his criminal record, defendant was subject to a mandatory Class X felony sentence. The court sentenced defendant to ten years' imprisonment after confirming that the aggravated domestic battery is a Class X eligible offense. The court separately sentenced defendant to a concurrent ten years' imprisonment based on the

3

possession of a stolen motor vehicle count, after confirming with the State that it was similarly a Class X offense. When defendant requested clarification on when he would become eligible for parole, the court replied "[w]ell, the one sentence is at 85 percent and the other one is at 50 percent. So it would be the 85 percent of the sentence that you'd have to serve." The court also merged defendant's misdemeanor domestic battery conviction with his aggravated domestic battery conviction. For the remaining misdemeanors, defendant was sentenced to an additional 294 days' imprisonment with credit for days already served. Defendant filed a motion for a new trial, or alternatively, a motion to reconsider the sentence, which the court denied.

¶ 10    Defendant timely appealed.

¶ 11                                    II. ANALYSIS

¶ 12    Defendant argues that the State failed to prove him guilty of possession of a stolen motor vehicle since it did not prove he had the intent to permanently deprive Rutledge or her daughter of the use and benefit of the Jeep Cherokee. Defendant contends the only evidence adduced at trial was that defendant returned the vehicle to Rutledge's home that same day. Further, defendant asserts that his conviction for reckless driving violates the one-act, one-crime doctrine, as it stems from the same physical act of his more serious reckless conduct conviction.

¶ 13                          A. Sufficiency of the Evidence

¶ 14    A challenge to the sufficiency of the evidence in a criminal case requires the reviewing court to determine whether, after viewing all the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Davison*, 233 Ill. 2d 30, 43 (2009).

¶ 15    Where, as here, the charging instrument alleges that the defendant possessed the vehicle knowing it to have been " 'stolen,' as opposed to *** 'converted,' " the State "must show that a

4

'theft' occurred." *People v. Brand*, 2020 IL App (1st) 171728, ¶ 40; *People v. Bivens*, 156 Ill. App. 3d 222, 230 (1987). An essential element of theft is the intent to permanently deprive the owner of the use and benefit of the vehicle. *Bivens*, 156 Ill. App. 3d at 230. Here, to meet its burden, the State was required to prove beyond a reasonable doubt that defendant (1) possessed the Jeep Cherokee, (2) was not entitled to possess the vehicle, and (3) knew that the vehicle was stolen, *i.e.*, he intended to permanently deprive Rutledge or her daughter of the vehicle's use and benefit. See 625 ILCS 5/4-103(a)(1) (West 2020). The State concedes it did not establish the third element beyond a reasonable doubt. We agree.

¶ 16    Rutledge's uncontroverted testimony establishes that defendant returned the Jeep Cherokee to her residence sometime before 10:00 p.m. on the night of the incident. According to Rutledge, her daughter confirmed that the car had been returned while Rutledge was being tended to at the Amazon warehouse. Furthermore, the State conceded the car was returned. The defendant's return of the vehicle indicates that he had no intention of permanently depriving Rutledge or her daughter of the vehicle's use and benefit. In sum, even when viewed in the light most favorable to the State, we find that the evidence failed to prove defendant's guilt of possession of a stolen motor vehicle beyond a reasonable doubt.

¶ 17    However, we are unpersuaded by defendant's contention that this matter requires remand for resentencing. Defendant argues that because he was convicted of two serious offenses, it stands to reason that the circuit court was influenced by his possession of a stolen motor vehicle offense when imposing the penalty for his aggravated domestic battery conviction. The circuit court, however, set out a sufficiently distinct factual basis in sentencing defendant on his aggravated domestic battery charge. Although defendant's convictions for aggravated domestic battery and possession of a stolen motor vehicle received identical terms of ten years'

5

imprisonment, the record is clear that the court imposed separate sentences for each conviction. *People v. Maggette*, 195 Ill. 2d 336, 355 (2001). There is no indication that the possession of a stolen motor vehicle conviction had any bearing or influence on defendant's aggravated domestic battery sentence. See *id.*; *People v. Buford*, 235 Ill. App. 3d 393, 404 (1992). We therefore vacate defendant's possession of a stolen vehicle conviction and find that remand is unnecessary.

¶ 18                                    B. One-Act, One-Crime

¶ 19         Defendant next argues that his reckless driving and reckless conduct convictions violate the one-act, one-crime rule. Specifically, defendant contends both convictions arise from the single physical act of driving off with the vehicle that resulted in Porter's injury, and as such, reckless driving should be vacated as the less serious conviction. Defendant concedes he has forfeited this issue by failing to raise it in the trial court. However, the parties agree on appeal that this issue is reviewable under the second prong of the plain error doctrine. See *People v. Lee*, 213 Ill. 2d 218, 226 (2004).

¶ 20         The plain-error doctrine allows a reviewing court to consider unpreserved error when either "(1) the evidence is close, regardless of the seriousness of the error, or (2) the error is serious, regardless of the closeness of the evidence." *In re Samantha V.*, 234 Ill. 2d 359, 378 (2009). "[I]t is well established that a one-act, one-crime violation affects the integrity of the judicial process, thus satisfying the second prong of the plain-error test." *Id.* at 378-79.

¶ 21         Prior to applying plain error, we first determine whether a violation of the one-act, one-crime rule occurred. See *People v. Chapman*, 194 Ill. 2d 186, 226 (2000) ("Before invoking the plain error exception *** we determine whether any error occurred."). The one-act, one-crime doctrine provides that a defendant may not be convicted of multiple offenses that arise out of the same physical act. See *People v. Coats*, 2018 IL 121926, ¶ 11. Courts employ a two-step analysis

6

to determine whether a violation of the rule has occurred. *Id.* ¶ 12. First, a court will determine whether the conduct at issue consisted of a single physical act or separate acts. *Id.* Second, a court determines whether any of the offenses are lesser included offenses. *Id.* If two convictions are based on the same physical act, the more serious offense will stand and the "less serious offense should be vacated." *People v. Artis*, 232 Ill. 2d 156, 170 (2009). Whether a defendant's convictions violate the one-act, one-crime rule is reviewed *de novo*. *Coats*, 2018 IL 121926, ¶ 12.

¶ 22        Here, the State concedes that defendant's reckless driving and reckless conduct convictions were based upon the single act of driving the Jeep Cherokee while Porter's body remained partially inside the vehicle. Porter's trial testimony corroborates defendant's assertion he was assisting Rutledge out of the vehicle, Porter reached for Rutledge's keys, defendant assumed position in the driver's seat, defendant drove away while Porter maintained contact with the vehicle, and Porter injured his shoulder as a result. This reckless act gave rise to both defendant's reckless driving and reckless conduct convictions. Consequently, we find that these convictions were based on the same physical act, and the lesser of defendant's convictions must be vacated.

¶ 23        To determine which of the two offenses is more serious, we look to the legislative intent and the plain language of the statutes. *People v. Lee*, 213 Ill. 2d 218, 228 (2004). While a maximum possible sentence is one indicator of the legislature's intent as to which offense is more serious, it is not the only indicator. *People v. Johnson*, 237 Ill. 2d 81, 98 (2010). The classification of offenses may also be considered. *Id.* Where the comparative punishments and classifications do not indicate which offense is more serious, we consider the mental state

required for the offenses and the specificity with which each offense is defined in the statutes. *Id.* at 98-99 (internal citations omitted).

¶ 24 Both reckless driving and reckless conduct offenses, as charged, are Class A misdemeanors. Compare 720 ILCS 5/12-5(a)(1), (b) (West 2020), with 625 ILCS 5/11-503(a)(1), (b) (West 2020). To be found culpable, both offenses require the same mental state of recklessness. The parties suggest that despite an identical classification and mental state, reckless conduct is the more serious offense. To meet its burden for the reckless driving conviction, the State had to prove the defendant drove with a willful or wanton disregard for Porter's safety. 625 ILCS 5/11-503(a)(1) (West 2020). Conversely, based on the indictment, the State was required to prove that Porter endured bodily harm for the reckless conduct conviction thereby making it the more serious offense. 720 ILCS 5/12-5(a)(1) (West 2020). Although reckless conduct is the more general offense, we agree that, as charged, the additional element of bodily harm is a relevant consideration in determining the more serious offense. See *People v. Lee,* 167 Ill. 2d 140, 146 (1995) ("[T]he degree of harm inflicted is a relevant consideration *** in determining the seriousness of a crime[.]"); see also *People v. Pearson*, 108 Ill. App. 3d 241, 242, 244 (1982) (vacating a criminal damage to property conviction and affirming reckless conduct conviction based on the same physical act of defendant breaking a glass tavern door that resulted in significant injury to the tavernkeeper's hand); but see *City of Chicago v. Hill*, 40 Ill. 2d 130, 136 (1968) (vacating defendants' disorderly conduct conviction and affirming the willful obstruction of traffic conviction, where disorderly conduct was the more general offense).

¶ 25 Pursuant to Illinois Supreme Court Rule 366, we are vested with the authority to enter any judgment that ought to have been made. Ill. Sup. Ct. R. 366(a)(5) (eff. Feb. 1, 1994). Accordingly, we vacate defendant's reckless driving conviction.

## III. CONCLUSION

For the reasons stated, we vacate defendant's possession of a stolen motor vehicle and his reckless driving convictions and affirm the remaining convictions.

Affirmed in part and vacated in part.